UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DOWNS, | Case No. 2:24-cv-3195-TLN-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| STEVE WHITE, *et al.*, | |
| Defendant. | |

Petitioner, a county inmate proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  ECF No. 1.  The petition cannot proceed past screening because it appears untimely and bring claims not cognizable on federal habeas review.  I will dismiss the current petition and give petitioner an opportunity to amend and explain why this action should proceed.  I will also grant petitioner's application to proceed *in forma pauperis*, ECF No. 10, deny as unnecessary petitioner's motions (1) for an extension of time to file his motion to proceed *in forma pauperis*, ECF No. 9, and (2) for a hearing regarding his petition, ECF No. 12.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);

1

*Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

The petition is 105 pages long and is, at some points, difficult to understand. As best I can discern, petitioner has been serving a life sentence since 1994 for convictions on varying offenses. ECF No. 1 at 1. It is unclear when exactly his convictions became final, as petitioner does not list the date the California Supreme Court denied his petition for review, but the state appellate court affirmed his convictions in May 1996. *Id.* at 2. Petitioner states that he has filed postconviction motions regarding his 1994 convictions, but he does not explain what he filed, specify the claims he made, or provide any other identifiable information. *Id.* at 2-3. According to petitioner, at a court hearing in September 2024, he was charged with felony assault on a public official when he punched his defense attorney in the face. *Id.* at 39, 72-75. As a result, he is currently being held in Administrative Segregation in the Sacramento County Jail. *Id.* at 8, 39.

In his petition, petitioner appears to challenge this September 2024 charge, arguing that he was not arraigned within the twenty-four-hour time requirement and that the prison has taken away his CPAP machine during his stay in Administrative Segregation. *Id.* at 7-9, 26-27. He also appears to challenge the outcome of a 2009 parole hearing related to his 1994 convictions, raising issues related to discovery and due process. *Id.* at 19-23. Finally, he brings generalized arguments related to ineffective assistance of counsel, the state's alleged failure to provide him certain evidence, and other evidentiary issues. *Id.* at 27-34. It is unclear whether these claims are related to the petitioner's 1994 conviction or his 2024 charges.

Petitioner's claims cannot proceed past screening for several reasons. First, to the extent petitioner's claims relate to his 1994 convictions, such claims are untimely because they appear to be well past the one-year statute of limitations provided in the Anti-Terrorism and Effective Death Penalty Act. Petitioner has not offered any justification for the delay or any argument that tolling renders claims timely.

Additionally, some of petitioner's claims are not cognizable in federal habeas petitions. His claims related to his parole hearing cannot be considered on federal habeas review. *See Sethi v. L.A. Cty. Sheriffs*, No. CV 19-4710-AG(E), 2019 WL 4648497, *4 (C.D. Cal. Jun. 5, 2019) ("Matters relating to sentencing and serving of a sentence generally are governed by state law and

2

do not raise a federal constitutional question."). Petitioner's challenge to the jail taking his CPAP machine is also not cognizable on federal habeas review because the claim does not attack the validity of his conviction. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, requests for relief turning on circumstances of confinement may be presented in a § 1983 action.") (internal citations omitted).

Finally, to the extent petitioner is challenging his felony assault charge from 2024, there is no indication in the petition that petitioner has been convicted of this charge. As such, petitioner is barred from obtaining federal relief related to the charge under *Younger v. Harris*, 401 U.S. 37 (2009), because the claim implicates pending state criminal proceedings. Under *Younger*, federal courts must abstain from considering claims based on pending state proceedings when: (1) the state proceedings are ongoing; (2) the proceeding implicates important state interests; (3) the plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the "federal court action would enjoin the proceeding or have the practical effect of doing so, would interfere with the state proceeding in a way that *Younger* disapproves." *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc). Here, it appears from the petition that the state proceedings are ongoing. Criminal proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Petitioner may raise his federal claims by way of the state habeas process after his sentencing his finalized. Finally, rulings on the validity of the underlying conviction in this court might interfere with the ongoing state proceedings. For these reasons, petitioner's claims

Rather than recommending immediate dismissal, I will permit petitioner to amend his petition and better explain the nature of his claims and why they should proceed. If petitioner fails to amend within thirty days, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. The petition, ECF No. 1, is DISMISSED with leave to amend.

2. Petitioner's motion to proceed *in forma pauperis*, ECF No. 10, is GRANTED.

3. Petitioner's motion for an extension of time to file his motion to proceed *in forma pauperis*, ECF No. 9, and his motion for a hearing, ECF No. 12, are DENIED as unnecessary.

4. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

5. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

6. The Clerk of Court shall send petitioner a habeas petition form with this order.

IT IS SO ORDERED.

Dated:    April 16, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE