UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY DOWNS,

Petitioner,

v.

STEVE WHITE, *et al.*,

Respondents.

Case No.  2:24-cv-3195-TLN-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner brought this habeas action pursuant to section 2254.  On April 17, 2025, I found that the petition failed to state a cognizable federal habeas claim and gave petitioner leave to amend.  ECF No. 13.  Despite multiple extensions of time, ECF Nos. 20 & 24, petitioner has, to date, failed to submit an amended petition.  Instead, he has filed two motions asking the court to hold hearings, ECF Nos. 25 & 26.  Those motions are denied because, currently, there is no active petition and no viable claims are at issue.  And, given that nearly a year has passed and petitioner has failed to file any amended petition as directed, I now recommend that this action be dismissed for failure to prosecute.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal.  *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to

1

comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In recommending that this action be dismissed for failure to comply with court orders, I have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

Despite multiple extensions of time, petitioner has failed to comply with my orders directing him to file an amended petition. In my last order granting an extension of time, I warned him that failure to file an amended petition would result in a recommendation that this action be dismissed for failure to prosecute. ECF No. 24 at 2. The public interest in expeditious resolution, the court's need to manage its docket, and the risk of prejudice to any respondents ultimately served all support imposition of the sanction of dismissal. Lastly, the court's warning to petitioner that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. Petitioner has had adequate warning that dismissal could result from his noncompliance. I find that the balance of factors weighs in favor of dismissal.

Accordingly, it is ORDERED that petitioner's motions for hearings, ECF Nos. 25 & 26, are DENIED.

Further, it is RECOMMENDED that:

1. This action be DISMISSED for failure to prosecute.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    February 27, 2026                           _____

                                                      JEREMY D. PETERSON
                                                      UNITED STATES MAGISTRATE JUDGE

3